U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 5 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RODNEY DIMITRIUS LAKE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-853-A |
| | § | |
| BILL E. WAYBOURN, Sheriff,[1] | § | |
| Tarrant County, Texas, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Rodney Dimitrius Lake, a state prisoner currently confined in the Tarrant County jail, against Bill E. Waybourn, sheriff of Tarrant County, Texas. After having considered the pleadings, public records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

**I. Factual and Procedural History**

On August 6, 2010, a jury in Tarrant County, Texas, Case No. 1173627D, found petitioner guilty of sexual assault of a child under 17 years of age, assessed his punishment at ten years'

---

[1] Bill E. Waybourn is now the elected sheriff of Tarrant County. Thus, pursuant to Federal Rule of Civil Procedure 25(d), Waybourn is automatically substituted as the party of record.

confinement and a $10,000 fine, and recommended that the sentence be suspended. (Resp't's Resp., Ex. A) The trial court followed the jury's recommendation and placed petitioner on community supervision for ten years. (*Id.*) The state later moved to revoke petitioner's community supervision for violations of his conditions of release, and, on October 16, 2013, the trial court revoked his community supervision and imposed a ten-year sentence. (*Id.*, Ex. B.) Petitioner appealed his revocation to the Second Court of Appeals of Texas, and the appellate court reversed the trial court's judgment on one of two points, holding that the trial court's refusal to allow petitioner to present closing argument during the revocation hearing was reversible error, and remanded the case for a new trial. *Lake v. State*, 481 S.W.3d 656 (Tex. App.-Fort Worth, 2015). Thereafter, the state filed a petition for discretionary review challenging the appellate court's ruling, and, on February 8, 2017, the Texas Court of Criminal Appeals reversed and remanded the case to the appellate court for a harmless error analysis on the issue. *Lake v. State*, — S.W.3d —, 2017 WL 514588 (Tex. Crim. App. Feb. 8, 2017).

Petitioner's grounds for relief, the majority of which are raised for the first time in this habeas petition, are construed

2

as follows:

> (1) his right to due process was violated by the trial court's denial of his right to closing argument;
>
> (2) the appellate court did not timely rule on the state's motion for rehearing;
>
> (3) his continued incarceration after the appellate court reversed and remanded his case is illegal;
>
> (4) the appellate court's judgment is a published opinion;
>
> (5) the trial court failed to consider the full range of punishment based on the facts and testimonial evidence and had an inconsiderate attitude towards him; and
>
> (6) his attorney and the prosecution, both officers of the court, engaged in obstruction of justice by failing to object or request the reasoning for the trial judge's "repulsive actions and conduct" in disallowing closing argument.

(Pet. 6-7 & Attach. 1-3, ECF No. 1.)

Respondent has filed a responsive pleading, asserting, among other things, that the petition should be dismissed without prejudice on exhaustion grounds. (Resp't's Resp. 5-6, ECF No. 9.) Petitioner did not file a reply, however he has filed several status requests with the clerk of court seeking resolution of his habeas petition.

## II. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are

required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Before a federal court can review the merits of a state prisoner's habeas petition then, it must determine whether the petitioner has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). It is apparent from public records that petitioner's appeal remains pending on remand and that his claims have not been fully considered by the Texas Court of Criminal Appeals and/or remain subject to change. As

---

[2] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

such, a ruling from this court at this juncture would preempt the state court from performing its proper function. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Accordingly, petitioner must first pursue his claims through completion in the state courts. Only after his state remedies are concluded may he bring his federal petition pursuant to 28 U.S.C. § 2254. *See id.* Absent a showing that state remedies are inadequate, such showing not having been demonstrated, petitioner cannot now proceed in this court in habeas corpus. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Therefore, dismissal of the petition for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice for failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b)(1). Pursuant to Rule

22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would question this Court's procedural ruling.

SIGNED May 5, 2017.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

6